UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JVANNE RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| EMERALD COAST COLLECTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, JVANNE RHODES ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, EMERALD COAST COLLECTIONS, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et al. ("TDCA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

1

5. Defendant conducts business in Dallas, Dallas County, Texas.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Dallas, Dallas County, Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Chipley, Washington County, Florida.

13. Defendant is a business entity engaged in the collection of debt within the State of Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's telephone at xxx-xxx-5587, in an attempt to collect the alleged debt.

22. Since Defendant began calling Plaintiff, one of Defendant's female collectors left the following voicemail message on Plaintiff's telephone:

    a. "Hi, this is Ashley. Please give me a call back at 850-758-0088."

23. The telephone number 850-758-0088 belongs to Defendant.

24. Defendant's female collector is or should be familiar with the FDCPA and TDCA.

25. Defendant's female collector knows or should know the FDCPA and TDCA require a debt collector to disclose the caller's identity when communicating with a consumer.

26. Defendant's female collector knows or should know the FDCPA requires a debt collector to disclose that the communication is an attempt to collect a debt when communicating with a consumer.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and re-alleges paragraphs 1-26 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

28. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant's female collector failed to disclose the communication was from Emerald Coast Collections in a

voicemail message left on Plaintiff's telephone;

b. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant's female collector failed to disclose the communication is from a debt collector during a voicemail message left on Plaintiff's telephone; and

c. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, JVANNE RHODES, respectfully requests judgment be entered against Defendant, EMERALD COAST COLLECTIONS, LLC, for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

29. Plaintiff repeats and re-alleges paragraphs 1-26 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

30. Defendant violated the TDCA based on the following:

a. Defendant violated Tex. Fin. Code § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number, when Defendant's female

collector failed to disclose the communication was from Emerald Coast Collections during a voicemail message left on Plaintiff's telephone; and

WHEREFORE, Plaintiff, JVANNE RHODES, respectfully requests judgment be entered against Defendant, EMERALD COAST COLLECTIONS, LLC, for the following:

a. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

b. For attorneys' fees, costs and disbursements;

c. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

d. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  April 15, 2020                RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
    Michael S. Agruss
    SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff